**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| CHAD SHORTLAND | ) | CASE NO. |
| 2715 Glenbriar Street | ) | |
| Columbus, Ohio 43232, | ) | JUDGE: |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| ABBOTT LABORATORIES | ) | |
| 3300 Stelzer Rd | ) | **JURY DEMAND ENDORSED** |
| Columbus, Ohio 43219 | ) | **HEREIN** |
| | ) | |
| **Serve Also:** | ) | |
| Abbott Laboratories | ) | |
| c/o CT Corporation System | ) | |
| 4400 Easton Commons Way | ) | |
| Suite 125 | ) | |
| Columbus, Ohio 43219 | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff, Chad Shortland, by and through undersigned counsel, as his Complaint against Defendant Abbott Laboratories ("Abbott"), states and avers the following:

**PARTIES, VENUE, & JURISDICTION**

1.  Shortland is a resident of the city of Columbus, Franklin County, Ohio.

2.  At all times herein, Shortland was acting in the course and scope of his employment.

3.  Abbott is a foreign corporation that does business at 3300 Stelzer Road, Columbus, Franklin County, Ohio 43219.

4.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Shortland is alleging a Federal Law Claim under the Family & Medical Leave Act ("FMLA"), 29 U.S.C § 2601 *et seq.*

5.  All material events alleged in this Complaint occurred in Franklin County, Ohio.

6.  This Court has supplemental jurisdiction over Shortland's state law claims pursuant to 28 U.S.C. § 1367 as Shortland's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## FACTS

8.  On or about March 3, 2019, Shortland began working for Abbott.

9.  Abbott employed Shortland as an energy center operator.

10. Maren Gersich made the decision to hire Shortland.

11. Abbott was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C § 2611(4).

12. At all times relevant herein, Shortland was employed by Abbott for at least 12 months and had at least 1,250 hours of service with Abbott and therefore was an "eligible employee" under FMLA, as that term is defined in 29 U.S.C. § 2611(2)(A).

13. In or around March 2020, David Stake became Shortland's supervisor.

14. Stake was Shortland's supervisor.

15. Throughout Shortland's employment, he performed safety tests on broilers.

16. In or around April 2020, Gersich and Stake had a meeting with Shortland and instructed Shortland to stop performing the safety tests. ("April 2020")

17. During the April 2020 meeting, Shortland informed Gersich and Stake that Chuck Johnson recommended the safety tests.

18. Johnson in the inspector for FM Global.

19. The National Board Of Pressure Vessels And Boilers instructs all boilers to have safety tests to be performed.

20. During the April 2020 Meeting, Stake told Shortland to stop testing the boilers ("Order Not to Test").

21. Shortland objected to the Order Not to Test.

22. The Order Not to Test risked creating an unsafe environment for Shortland.

23. The Order Not to Test risked creating an unsafe environment for employees.

24. Shortland told Gersich and Stake that he was going to call Johnson and inform Johnson of the Order Not to Test.

25. Shortland called Johnson and informed Johnson about the Order not to Test.

26. Stake altered a CSD-1 form that was already submitted ("Falsified Form").

27. Stake's actions during the Falsified Form is illegal.

28. Shortland reasonably believed Stake's actions during the Falsified Form is a felony.

29. On or about April 27, 2020, Shortland reported the Falsified Form to Johnson, Gersich and Deborah Boskovic. (Shortland's Report")

30. Boskovic is the senior employee relations specialist for Abbott.

31. On or about April 27, 2020, Shortland informed John Sharier, the Chief Boiler Inspector for the State of Ohio about the Falsified Form.

32. Sharier informed Shortland that he would conduct an investigation into the Falsified Form.

33. On or about June 11, 2020, Shortland asked Melanie Knoblock to excuse him from work because he was suffering from a medical condition ("Leave Request").

34. Knoblock was an occupational health nurse for Abbott.

35. Knoblock approved the Leave Request.

36. On or about June 11, 2020, Shortland was eligible for FMLA leave.

37. Knoblock did not provide Shortland with any paperwork for the Leave Request.

38. Knoblock did not inform Shortland that he was eligible for FMLA leave.

39. Shortland was required to report back to work on June 19, 2020.

40. On June 19, 2020, Shortland returned to work after his Leave Request.

41. On or about June 19, 2020, Abbott terminated Shortland's employment ("Termination").

42. The Termination was an adverse employment action.

43. The Termination was an adverse action.

44. On or about June 19, 2020, Stake and Maren Gersich informed Shortland about the Termination ("Termination Meeting").

45. At the Termination Meeting, Stake and Gersich alleged that the reason for the Termination was poor performance ("Stated Reason").

46. The Stated Reason had no basis in fact.

47. The Stated Reason was not the real reason for the Termination.

48. The Stated Reason was pretextual.

49. Abbott has a progressive disciplinary policy ("Discipline Policy").

50. A verbal warning is the lowest level of discipline in the Discipline Policy.

51. Shortland did not receive a verbal warning before the Termination.

52. A written warning is a higher level of discipline than a verbal warning in the Discipline Policy.

53. Shortland did not receive a written warning before the Termination.

54. A termination is the highest level of discipline in the Discipline Policy.

55. Abbott knowingly skipped progressive disciplinary steps in terminating Shortland.

4

56. Abbott knowingly terminated Shortland's employment.

57. Abbott knowingly took an adverse employment action against Shortland.

58. Abbott knowingly took an adverse action against Shortland.

59. Abbott intentionally skipped progressive disciplinary steps in terminating Shortland.

60. Abbott intentionally terminated Shortland's employment.

61. Abbott intentionally took an adverse employment action against Shortland.

62. Abbott intentionally took an adverse action against Shortland.

63. Abbott knew that skipping progressive disciplinary steps in terminating Shortland would cause Shortland harm, including economic harm.

64. Abbott knew that terminating Shortland would cause Shortland harm, including economic harm.

65. Abbott willfully skipped progressive disciplinary steps in terminating Shortland.

66. Abbott willfully terminated Shortland's employment.

67. Abbott willfully took an adverse employment action against Shortland.

68. Abbott willfully took an adverse action against Shortland.

69. On or about June 19, 2020, Abbott terminated Shortland's employment because he reported an unsafe work environment.

70. On or about June 19, 2020, Abbott terminated Shortland's employment because he reported an actions that constituted a felony.

71. On or about June 19, 2020, Abbott terminated Shortland's employment because of his Leave Request.

72. On or about June 19, 2020, Abbott terminated Shortland's employment in retaliation for his use of qualified FMLA leave.

73. On or about June 19, 2020, Abbott terminated Shortland's employment in order to prevent him from using qualified FMLA leave.

74. As a direct and proximate result of Abbott's conduct, Shortland suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

## COUNT I: PERCEIVED DISABILITY DISCRIMINATION

75. Shortland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

76. Shortland suffered from a medical illness.

77. In the alternative, Defendant perceived Shortland as being disabled.

78. Shortland's condition constituted a physical impairment.

79. Shortland's condition substantially impaired one or more of his major life activities including working.

80. Defendant perceived Shortland's condition to substantially impair one or more of his major life activities including working.

81. Defendant treated Shortland differently than other similarly-situated employees based on his disabling condition.

82. Defendant treated Shortland differently than other similarly-situated employees based on his perceived disabling condition.

83. On or about June 19, 2020, Defendant terminated Shortland's employment without just cause.

84. Defendant terminated Shortland's employment based his disability.

85. Defendant terminated Shortland's employment based his perceived disability.

86. Defendant violated R.C. § 4112.01 *et seq* when it discharged Shortland based on his disability.

87. Defendant violated R.C. § 4112.01 *et seq* when it discharged Shortland based on his perceived disability.

88. Defendant violated R.C. § 4112.01 *et seq* by discriminating against Shortland based on his disabling condition.

89. Defendant violated R.C. § 4112.01 *et seq* by discriminating against Shortland based on his perceived disabling condition.

90. Defendant suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

91. As a direct and proximate result of Defendant's conduct, Shortland suffered and will continue to suffer damages, including economic, emotional distress and physical sickness damages.

## COUNT II: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

92. Shortland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

93. Pursuant to 29 U.S.C. § 2601 *et seq*., covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

94. Abbott is a covered employer under FMLA.

95. During his employment, Shortland qualified for FMLA leave.

96. During his employment, Shortland attempted to request FMLA leave.

97. Abbott failed to advise Shortland properly of his rights under FMLA.

98. Abbott unlawfully interfered with Shortland's exercise of his rights under FMLA in violation of Section 105 of FMLA and section 825.220 of FMLA regulations.

99. As a direct and proximate result of Abbott's conduct, Shortland is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

### COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

100. Shortland restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. A clear public policy exists and is manifested in Ohio statutes and/or administrative regulations, including R.C. §§ 4101.11 and 4101.12, or in the common law, requiring employers to furnish a safe environment for employees and frequenters.

102. Abbott's termination of Shortland jeopardizes these public policies.

103. Abbott's termination of Shortland was motivated by conduct related to these public policies.

104. Abbott had no overriding business justification for terminating Shortland.

105. As a direct and proximate result of Abbott's conduct, Shortland has suffered and will continue to suffer damages, including economic, emotional distress, and physical sickness damages.

### DEMAND FOR RELIEF

WHEREFORE, Plaintiff Shortland respectfully requests that this Honorable Court grant the following relief:

(a) Issue an order requiring Abbott to restore Shortland to one of the positions to which he was entitled by virtue of his application and qualifications, and expunge his personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Shortland for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c)  An award of punitive damages against each Defendant in an amount in excess of $25,000;

(d)  An award of reasonable attorneys' fees and non-taxable costs for Shortland claims as allowable

under law;

(e)  An award of the taxable costs of this action; and

(f)  An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
Paul Filippelli (0097085)
**THE SPITZ LAW FIRM, LLC**
1103 Schrock Road, Suite 307
Columbus, Ohio 43229
Phone: (216) 291-4744
Fax:     (216) 291-5744
Email: trisha.breedlove@spitzlawfirm.com
Email: paul.filippelli@spitzlawfirm.com
*Attorneys for Plaintiff Chad Shortland*

## JURY DEMAND

Plaintiff Shortland demands a trial by jury by the maximum number of jurors permitted.

/s/ Trisha Breedlove
Trisha Breedlove (0095852)
Paul Filippelli (0097085)